UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMANUEL LEONARD FINCH,<br><br>                Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY, *et al*.,<br><br>                Defendants. | Case No. C21-5075-TSZ-MLP<br><br>ORDER TO SHOW CAUSE |

    Plaintiff Emanuel Finch is a state prisoner who is currently confined at the Airway Heights Corrections Center in Airway Heights, Washington. Plaintiff initiated this civil action in Pierce County Superior Court in December 2020 to challenge legal financial obligations imposed as a part of a criminal judgment and sentence entered in that court in June 2011. (*See* Compl. (Dkt. # 1-2) at 4-5, 13.) Specifically, Plaintiff challenges the $1,500 assessed by the trial court for court-appointed attorneys' fees on the grounds that the fees were assessed in violation of state and federal law. (*See id*. at 5, 13.) Plaintiff complains that Defendants "sued" him for the fees without his knowledge and that the fees were awarded without providing him a jury trial. (*See id*.) Plaintiff claims that Pierce County, the Department of Assigned Counsel, and his appointed

ORDER TO SHOW CAUSE
PAGE - 1

attorney, K. Richard Whitehead, are not entitled to the $1,500 in fees because counsel's representation of Plaintiff was deficient. (*Id*.)

Defendants removed the case to this Court in January 2021. (Dkt. # 1.) Defendants asserted in their notice of removal that this Court has original jurisdiction of this civil action under 28 U.S.C. § 1331, and that removal was appropriate under 28 U.S.C. § 1441 because the case arises under 42 U.S.C. § 1983. (*Id*.) Defendants filed with their notice of removal a statement of related cases indicating that this case is related to *Finch v. Whitehead, et al*., C19-5675-JLR, a case which was pending at the time of removal but has since been closed. Plaintiff, who is proceeding *pro se* in this action, did not object to removal.

On February 4, 2021, Defendants filed a motion to dismiss this action in which they assert that this Court lacks subject matter jurisdiction over Plaintiff's constitutional claims relating to the legal financial obligations imposed by the trial court, and that Plaintiff's claims fail as a matter of law. (*See* Dkt. # 6 at 1, 3-6.) With respect to the latter assertion, Defendants present the following specific arguments: (1) Defendant "Department of Assigned Counsel" is not an entity capable of being sued; (2) the applicable state and federal statutes of limitations have expired; (3) Plaintiff has engaged in impermissible claim splitting; (4) Plaintiff fails to meet the pleading requirements for a claim under 42 U.S.C. § 1983; (5) Plaintiff fails to allege sufficient facts to prove the required elements of a state law negligence claim; and, (6) Plaintiff failed to exhaust his administrative remedies. (*Id*. at 6.)

While Defendants construe Plaintiff's complaint as asserting claims under § 1983 as well as state law negligence claims, this Court reads Plaintiff's complaint as presenting only a challenge to the imposition of legal financial obligations in the amount of $1,500. Plaintiff does identify in his complaint federal constitutional infirmities in trial counsel's performance, but he

ORDER TO SHOW CAUSE
PAGE - 2

does not seek damages for the alleged constitutional violations, nor does he seek release from custody as Defendants incorrectly represent in their motion to dismiss. (*See* Dkt. # 6 at 3.) Plaintiff merely seeks the return of the $1,500 which he believes was improperly awarded given the alleged deficiencies in counsel's performance and given that he was not provided notice and an opportunity to be heard before the award was made. (*See* Dkt. ## 1-2.) Documents submitted by Plaintiff in response to Defendants' pending motion to dismiss appear to confirm this interpretation of Plaintiff's pleading. (*See* Dkt. ## 11, 13.)

Given that this action appears to have been removed on the basis that Plaintiff asserted in his complaint claims arising under § 1983, and given that Defendants appear to acknowledge in their motion to dismiss that this Court lacks jurisdiction over the claim it appears Plaintiff intended to assert, the Court deems it necessary to hear from Defendants on the propriety of the removal before if considers Defendants' motion to dismiss.

Accordingly, the Court hereby ORDERS as follows:

(1) Defendants shall SHOW CAUSE within ***thirty (30) days*** why the Court should not remand this matter to the Pierce County Superior Court pursuant to 28 U.S.C. § 1447(c) for disposition of the state law issue asserted by Plaintiff in his complaint.

(2) Defendants' motion to dismiss (dkt. # 6) is STRICKEN from the Court's calendar subject to re-noting once Defendants have responded to this Order.

(3) Plaintiff's pending motion for joinder (dkt. # 7) is DENIED. Plaintiff seeks to join as a Plaintiff in this case a state statute, RCW 36.26.070. (*Id*.) Rule 20 of the Federal Rules of Civil Procedure permits "persons" to join in one action as plaintiffs if certain conditions are met. A state statute is not a person and therefore is not properly joined as a Plaintiff.

(4) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Thomas S. Zilly.

DATED this 12th day of April, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER TO SHOW CAUSE
PAGE - 4