UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EMANUEL LEONARD FINCH, | |
| Plaintiff, | Case No. C21-5075-TSZ-MLP |
| v. | |
| PIERCE COUNTY, *et al.*, | REPORT AND RECOMMENDATION |
| Defendants. | |

Plaintiff Emanuel Finch is currently in the custody of the Washington Department of Corrections. He filed this civil action in Pierce County Superior Court in December 2020 to challenge legal financial obligations imposed as a part of a criminal judgment and sentence entered in that court in June 2011. (*See* Compl. (Dkt. # 1-2) at 4-5, 13.) In particular, Plaintiff asserts in his complaint that the $1,500 assessed by the trial court for court-appointed attorneys' fees was assessed in violation of state and federal law. (*See id*. at 5, 13.) Plaintiff claims that Defendants "sued" him for the fees without his knowledge and that the fees were awarded without providing him a jury trial. (*See id*.) Plaintiff further claims that Pierce County, the Department of Assigned Counsel, and his appointed attorney, K. Richard Whitehead, are not entitled to the $1,500 in fees because counsel's representation of Plaintiff was deficient. (*Id*.)

REPORT AND RECOMMENDATION - 1

In January 2021, Defendants removed the case to this Court, asserting in their notice of removal that this Court has original jurisdiction of the action under 28 U.S.C. § 1331, and that removal was appropriate under 28 U.S.C. § 1441 because the case arises under 42 U.S.C. § 1983. (Dkt. # 1.) Plaintiff, who is proceeding *pro se* in this action, did not object to removal. Shortly after removing the case to this Court, Defendants moved to dismiss this action on the grounds that this Court lacks subject matter jurisdiction over Plaintiff's constitutional claims relating to the legal financial obligations imposed by the trial court, and that Plaintiff's claims fail as a matter of law. (*See* Dkt. # 6 at 1, 3-6.) With respect to the latter assertion, Defendants presented six specific arguments, including that Plaintiff failed to meet the pleading requirements for a claim under 42 U.S.C. § 1983. (*Id*. at 6.)

A review of Plaintiff's complaint and Defendants' motion to dismiss suggested to this Court that Defendants had misconstrued the claim asserted by Plaintiff in this action and had improperly removed the action from state court. Thus, rather than ruling on Defendants' motion to dismiss, the Court instead issued an Order directing Defendants to show cause why this action should not be remanded to the Pierce County Superior Court for disposition pursuant to 28 U.S.C. § 1447(c). (Dkt. # 14.)

In the Order to Show Cause, the Court explained that though Defendants had construed Plaintiff's complaint as asserting claims under § 1983 as well as state law negligence claims, this Court read Plaintiff's complaint as presenting only a challenge to the imposition of legal financial obligations in the amount of $1,500. (*Id*. at 2.) The Court went on to note that while Plaintiff did identify in his complaint federal constitutional infirmities in trial counsel's performance, he did not seek damages for the alleged constitutional violations, nor did he seek release from custody as Defendants incorrectly represented in their motion to dismiss. (*Id*. at 2-3

REPORT AND RECOMMENDATION - 2

(citing Dkt. # 6 at 3).) Plaintiff merely requested the return of the $1,500 which he maintained had been improperly awarded given the alleged deficiencies in counsel's performance and given that he had not been provided notice and an opportunity to be heard before the award was made. (*Id*. at 3 (citing Compl.).) The Court observed that documents submitted by Plaintiff in response to Defendants' motion to dismiss appeared to confirm this interpretation of Plaintiff's pleading. (*See id*. (citing Dkt. ## 11, 13).)

Defendants, in their response to the Order to Show Cause, argue that removal was proper because Plaintiff raised federal constitutional claims in his complaint, including alleged violations of the Sixth and Seventh Amendments. (*See* Dkt. # 15.) However, as suggested in the Court's Order to Show Cause, the alleged violations of Plaintiff's Sixth Amendment right to effective assistance of counsel did not appear to constitute independent grounds for relief but, instead, appeared to constitute arguments in support of Plaintiff's claim that the $1,500 was improperly awarded to Defendants.

To the extent Plaintiff asserts that his Seventh Amendment rights were violated, he does so in the context of arguing that the $1,500 was improperly assessed in state court without being afforded a jury trial. Defendants specifically argued in their motion to dismiss that this Court lacks subject matter jurisdiction over issues related to the assessment of the $1,500, even those of a constitutional nature. (*See* Dkt. # 6 at 3.) If, as Defendants argue, this Court lacks subject matter jurisdiction over the only claim Plaintiff intended to assert in this action, that necessarily

REPORT AND RECOMMENDATION - 3

means this action was improperly removed and, thus, the case should be remanded to the state courts for further proceedings.[1]

Based on the foregoing, this Court recommends that this action be remanded to the Pierce County Superior Court pursuant to 28 U.S.C. § 1447(c) for disposition of the state law issue asserted by Plaintiff in his complaint. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 20, 2021**.

DATED this 28th day of July, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[1] Plaintiff also filed a response to the Order to Show Cause, though he was not invited to do so. (*See* Dkt. # 16.) Plaintiff references therein constitutional infirmities in his trial and, in particular, in trial counsel's conduct. (*Id*.) However, nothing in Plaintiff's response suggests that this Court's construction of the claim asserted by Plaintiff in his complaint was incorrect.

REPORT AND RECOMMENDATION - 4